Yvonne BROWN, Plaintiff–Appellant

v.

DISTRICT OF COLUMBIA,
Defendant–Appellee.

No. 11–7022.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 27, 2012.

Donald M. Temple, I, Esquire, Temple Law Group, Washington, DC, for Plaintiff–Appellant.

Holly Michelle Johnson, Todd Sunhwae Kim, Donna M. Murasky, Esquire, Deputy Solicitor, Carl James Schifferle, Irvin B. Nathan, Office of the Attorney General, Washington, DC, for Defendant–Appellee.

Before: SENTELLE, Chief Judge, GARLAND, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Yvonne Brown sued her former employer, the District of Columbia, for hostile work environment sexual harassment. A jury returned a verdict in Brown's favor, awarding her $235,000.00 in compensatory damages. Brown also requested equitable relief in the form of back pay and front pay, but the district court denied that request because Brown had failed to demonstrate constructive discharge. Brown appeals, arguing that under this Circuit's case law she is not required to demonstrate constructive discharge to receive front pay or back pay, but that even if she is, the district court erred in determining that she had not proven constructive discharge here. We hold that, in light of the circumstances of and arguments made in this case, Brown was required to demonstrate constructive discharge to receive front pay and back pay. *Clark v. Marsh,* 665 F.2d 1168, 1172 (D.C.Cir.1981). We have also reviewed the trial record and conclude that the district court's determination that Brown failed to demonstrate constructive discharge was not clearly erroneous. *Fogg v. Gonzales,* 492 F.3d 447, 452 (D.C.Cir.2007). Brown never established a time at which constructive discharge occurred. Accordingly, we affirm.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed R.App. P. 41(b); D.C.Cir. R. 41.